**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10204 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01359-DCB-LAB-1 |
| v. | |
| IGNACIO RAMIREZ-COSSIO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted July 9, 2014[**]
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

The district court did not abuse its discretion in denying Ramirez-Cossio's

motion to substitute counsel. *See United States v. Prime*, 431 F.3d 1147, 1154 (9th

Cir. 2005).

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

To make this determination, we must review a district court's denial of a substitution motion by examining "1) the timeliness of the motion; 2) the adequacy of the district court's inquiry into the defendant's complaint; and 3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *Id.*

1.      Ramirez-Cossio brought his first motion to substitute counsel two weeks after obtaining a second continuance of his trial date. He made a subsequent motion to substitute counsel eight days before the next trial date, and he also requested new counsel or permission to represent himself one day before the next trial date. In light of Ramirez-Cossio's pattern of dilatory litigation, it was not an abuse of discretion to conclude that the motions were untimely. *Id.* at 1155.

2.      Upon receipt of Ramirez-Cossio's first motion to substitute counsel, the district court properly inquired into Ramirez-Cossio's concerns; finding they related to the plea negotiation process. After the second substitution motion, the district court pinpointed Ramirez-Cossio was concerned with alleged threats made by defense counsel; it then explored these allegations by hearing statements from both Ramirez-Cossio and defense counsel. Ramirez-Cossio's third motion to substitute counsel did not allege any facts altering the court's view of his

relationship with defense counsel, so no further inquiry was made. This record reflects the adequacy of the district court's inquiry. *Id.*

3.     The district court did not abuse its discretion in concluding that there was not a breakdown in the relationship sufficient to constitute an inability to present a defense. *Id.* at 1154-55. Unlike in *United States v. Adelzo-Gonzalez*, 268 F.3d 772 (9th Cir. 2001), defense counsel never became antagonistic to Ramirez-Cossio, never called Ramirez-Cossio a liar, always maintained that his and Ramirez-Cossio's relationship was cordial, and continually affirmed that he could ethically represent Ramirez-Cossio. Although there were instances where Ramirez-Cossio would not speak with defense counsel, each one was ameliorated through defense counsel's efforts afterwards. Indeed, when Ramirez-Cossio pleaded guilty, he stated that he was satisfied with defense counsel's representation.

**AFFIRMED**.